**IN THE COURT OF APPEALS OF IOWA**

No. 15-1969
Filed January 27, 2016

**IN THE INTEREST OF B.F.,**
**C.P. and I.P.**
  **Minor Children,**

**KIMBERLY S. AYOTTE, Guardian Ad Litem,**
  Appellant.

_____

Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.

The guardian ad litem appeals from a permanency order. **AFFIRMED.**

Kimberly S. Ayotte of Youth Law Center, attorney and guardian ad litem, appellant.

Jami J. Hagemeier of Williams & Hagemeier, P.L.C., Des Moines, for mother.

Marshall Orsini of Carr & Wright, P.L.C., Des Moines, for father.

Thomas J. Miller, Attorney General, and Bruce Kempkes, Assistant Attorney General, for State.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

The guardian ad litem appeals from the permanency order extending permanency for six months pursuant to Iowa Code section 232.104(2)(b) (2013). She contends the court erred in finding the children will be able to return to the care of either parent after the six-month extension and in not directing the county attorney to seek termination of parental rights. The guardian ad litem also contends additional time to pursue reunification is not in the best interest of the children. Our review of permanency orders is de novo. *See In re A.T.*, 799 N.W.2d 148, 150-51. We give weight to the factual findings of the juvenile court, but are not bound by them. *Id.*

Under Iowa Code section 232.104(2)(b), the court may enter an order continuing placement of the children upon a finding the need for the children's removal will no longer exist at the end of the additional six-month period. The court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination" the need for removal will no longer exist at the end the extension. *Id.* The court made the required findings and set forth in detail the specific factors, conditions, and behavioral changes necessary for each parent to resume custody at the end of the six-month period. Although cases where the statutory time for reunification has passed are viewed with a sense of urgency, *see In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000), the guardian ad litem's assertion "the maximum time a parent can work towards reunification is 18 months" is incorrect. The court did not err in

extending permanency in this case, even though the children had been out of the mother's care for more than two years.

For the reasons set forth above, we affirm the challenged permanency order.

**AFFIRMED.**